IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

Jackie Lynn Easter,          )    Civil Action No. 8:12-cv-02267-SB-JDA
           Plaintiff,   )
                    )
      vs.             )    __REPORT AND RECOMMENDATION__
                    )    __OF MAGISTRATE JUDGE__
Carolyn W. Colvin,[1]      )
Commissioner of Social Security,  )
                    )
          Defendant.  )

     This matter is before the Court for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(a), D.S.C.[2]  Plaintiff brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of a final decision of Defendant Commissioner of Social Security ("the Commissioner"), denying Plaintiff's claims for disability insurance benefits ("DIB") and supplemental security income ("SSI").[3]  For the reasons set forth below, it is recommended that the decision of the Commissioner be reversed and remanded for administrative action consistent with this recommendation, pursuant to sentence four of 42 U.S.C. § 405(g).

---

[1]Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013.  Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as Defendant in this suit.  No further action need be taken to continue this suit by reason of the last sentence of § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2]A Report and Recommendation is being filed in this case in which one or both parties declined to consent to disposition by a magistrate judge.

[3]Section 1383(c)(3) provides, "The final determination of the Commissioner of Social Security after a hearing under paragraph (1) shall be subject to judicial review as provided in section 405(g) of this title to the same extent as the Commissioner's final determinations under section 405 of this title."  42 U.S.C. § 1383(c)(3).

## PROCEDURAL HISTORY

On August 12, 2008, Plaintiff filed applications for DIB and SSI, alleging an onset of disability date of March 1, 2008. [R. 198–202.] The claims were denied initially and on reconsideration by the Social Security Administration ("the Administration"). [R. 77–80, 100–12.] On April 22, 2009, Plaintiff requested a hearing before an administrative law judge ("ALJ") [R. 115–116], and on May 10, 2010, ALJ Edward T. Morriss held a hearing on Plaintiff's claims [R. 50–76].

The ALJ issued a decision on June 29, 2010, finding Plaintiff not disabled under the Social Security Act ("the Act"). [R. 81-96.] Plaintiff requested Appeals Council review of the ALJ's decision, and the Appeals Council granted Plaintiff's request for review of the ALJ's decision, vacated the decision, and remanded the case for further proceedings. [R. 97–99.]

The ALJ held a second hearing on January 20, 2011. [R. 25–49.] In a decision dated February 17, 2011, the ALJ again concluded that Plaintiff was not disabled within the meaning of the Act. [R. 6–24.] At Step 1,[4] the ALJ found Plaintiff last met the insured status requirements of the Act on December 31, 2008 and had not engaged in substantial gainful activity since March 1, 2008, her alleged onset date. [R. 11, Findings 1 & 2.] At Step 2, the ALJ found Plaintiff had the following severe impairments: degenerative disc disease, fibromyalgia, plantar fasciitis, and obesity. [R. 11, Finding 3.] The ALJ also found that Plaintiff had nonsevere impairments of headaches and depression and a non-medically determinable impairment of chest pain. [R. 12–13, Finding 3.] At Step 3, the

---

[4]The five-step sequential analysis used to evaluate disability claims is discussed in the Applicable Law section, *infra*.

ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled the criteria of one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.  [R. 13, Finding 4.]  The ALJ specifically considered Listing 1.04 with respect to Plaintiff's degenerative disc disease and Listing 1.02 with respect to Plaintiffs fibromyalgia and plantar fasciitis.  [*Id.*]

Before addressing Step 4, Plaintiff's ability to perform her past relevant work, the ALJ found Plaintiff retained the following residual functional capacity ("RFC"):

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform the full range of medium work as defined in 20 CFR 404.1567(c) and 416.967(c).  Specifically, the claimant is able to life and carry up to 50 pounds occasionally and 25 pounds frequently and stand, walk, and sit 6 hours each in an 8-hour day.

[R. 13–14, Finding 5.]  Based on this RFC, at Step 4, the ALJ determined Plaintiff was able to perform her past relevant work as a pool attendant and janitor.  [R. 18, Finding 6.]  Consequently, the ALJ concluded Plaintiff was not under a disability as defined by the Act from the alleged onset date of March 1, 2008 through the date of the decision.  [R. 18, Finding 7.]

Plaintiff requested Appeals Council review of the ALJ's decision, but the Appeals Council declined.  [R. 1–5.]  Plaintiff filed this action for judicial review on August 9, 2012. [Doc. 1.]

## THE PARTIES' POSITIONS

Plaintiff contends the ALJ's decision is not supported by substantial evidence and claims the ALJ

(1)    erred by failing to consider all of Plaintiff's severe impairments and their combined effect on Plaintiffs ability to work [Doc. 14 at 6–9]; and

(2)    improperly determined that Plaintiff could return to her past relevant work as a pool attendant or janitor [*id*. at 9–10].

The Commissioner, on the other hand, contends

(1)    substantial evidence supports the ALJ's assessment of Plaintiff's residual functional capacity [Doc. 15 at 8–14]; and

(2)    the ALJ's step-four finding is supported by substantial evidence [*id.* at 14–15].

Additionally, the Commissioner contends remand for payment of benefits is not an appropriate remedy.  [*Id.* at 16.]

## STANDARD OF REVIEW

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla—i.e., the evidence must do more than merely create a suspicion of the existence of a fact and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966) (citing *Woolridge v. Celebrezze*, 214 F. Supp. 686, 687 (S.D.W. Va. 1963)) ("Substantial evidence, it has been held, is evidence which a reasoning mind would accept as sufficient to support a particular conclusion.  It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance.  If there is

4

evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence.'").

Where conflicting evidence "allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [Commissioner] (or the [Commissioner's] designate, the ALJ)," not on the reviewing court. *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *see also Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991) (stating that where the Commissioner's decision is supported by substantial evidence, the court will affirm, even if the reviewer would have reached a contrary result as finder of fact and even if the reviewer finds that the evidence preponderates against the Commissioner's decision). Thus, it is not within the province of a reviewing court to determine the weight of the evidence, nor is it the court's function to substitute its judgment for that of the Commissioner so long as the decision is supported by substantial evidence. *Laws*, 368 F.2d at 642; *Snyder v. Ribicoff*, 307 F.2d 518, 520 (4th Cir. 1962).

The reviewing court will reverse the Commissioner's decision on plenary review, however, if the decision applies incorrect law or fails to provide the court with sufficient reasoning to determine that the Commissioner properly applied the law. *Myers v. Califano,* 611 F.2d 980, 982 (4th Cir. 1980); *see also Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994). Where the Commissioner's decision "is in clear disregard of the overwhelming weight of the evidence, Congress has empowered the courts to modify or reverse the [Commissioner's] decision 'with or without remanding the cause for a rehearing.'" *Vitek v. Finch*, 438 F.2d 1157, 1158 (4th Cir. 1971) (quoting 42 U.S.C. § 405(g)). Remand is unnecessary where "the record does not contain substantial

evidence to support a decision denying coverage under the correct legal standard and when reopening the record for more evidence would serve no purpose." *Breeden v. Weinberger*, 493 F.2d 1002, 1012 (4th Cir. 1974).

The court may remand a case to the Commissioner for a rehearing under sentence four or sentence six of 42 U.S.C. § 405(g). *Sargent v. Sullivan*, 941 F.2d 1207 (4th Cir. 1991) (unpublished table decision). To remand under sentence four, the reviewing court must find either that the Commissioner's decision is not supported by substantial evidence or that the Commissioner incorrectly applied the law relevant to the disability claim. *See, e.g.*, *Jackson v. Chater*, 99 F.3d 1086, 1090–91 (11th Cir. 1996) (holding remand was appropriate where the ALJ failed to develop a full and fair record of the claimant's residual functional capacity); *Brehem v. Harris*, 621 F.2d 688, 690 (5th Cir. 1980) (holding remand was appropriate where record was insufficient to affirm but was also insufficient for court to find the claimant disabled). Where the court cannot discern the basis for the Commissioner's decision, a remand under sentence four may be appropriate to allow the Commissioner to explain the basis for the decision. *See Smith v. Heckler*, 782 F.2d 1176, 1181–82 (4th Cir. 1986) (remanding case where decision of ALJ contained "a gap in its reasoning" because ALJ did not say he was discounting testimony or why); *Gordon v. Schweiker*, 725 F.2d 231, 235 (4th Cir. 1984) (remanding case where neither the ALJ nor the Appeals Council indicated the weight given to relevant evidence). On remand under sentence four, the ALJ should review the case on a complete record, including any new material evidence. *See Smith*, 782 F.2d at 1182 ("The [Commissioner] and the claimant may produce further evidence on remand."). After a remand under sentence four, the court

enters a final and immediately appealable judgment and then loses jurisdiction. *Sargent*, 941 F.2d 1207 (citing *Melkonyan v. Sullivan*, 501 U.S. 89, 102 (1991)).

In contrast, sentence six provides:

> The court may . . . at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding . . . .

42 U.S.C. § 405(g). A reviewing court may remand a case to the Commissioner on the basis of new evidence only if four prerequisites are met: (1) the evidence is relevant to the determination of disability at the time the application was first filed; (2) the evidence is material to the extent that the Commissioner's decision might reasonably have been different had the new evidence been before him; (3) there is good cause for the claimant's failure to submit the evidence when the claim was before the Commissioner; and (4) the claimant made at least a general showing of the nature of the new evidence to the reviewing court. *Borders v. Heckler*, 777 F.2d 954, 955 (4th Cir. 1985) (citing 42 U.S.C. § 405(g); *Mitchell v. Schweiker*, 699 F.2d 185, 188 (4th Cir. 1983); *Sims v. Harris*, 631 F.2d 26, 28 (4th Cir. 1980); *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979)), *superseded by amendment to statute*, 42 U.S.C. § 405(g), *as recognized in Wilkins v. Sec'y, Dep't of Health & Human Servs.*, 925 F.2d 769, 774 (4th Cir. 1991).[5] With remand under sentence

---

[5] Though the court in *Wilkins* indicated in a parenthetical that the four-part test set forth in *Borders* had been superseded by an amendment to 42 U.S.C. § 405(g), courts in the Fourth Circuit have continued to cite the requirements outlined in *Borders* when evaluating a claim for remand based on new evidence. *See, e.g.*, *Brooks v. Astrue*, No. 6:10-cv-152, 2010 WL 5478648, at *8 (D.S.C. Nov. 23, 2010); *Ashton v. Astrue*, No. TMD 09-1107, 2010 WL 3199345, at *3 (D. Md. Aug. 12, 2010); *Washington v. Comm'r of Soc. Sec.*, No. 2:08-cv-93, 2009 WL 86737, at *5 (E.D. Va. Jan. 13, 2009); *Brock v. Sec'y of Health & Human Servs.*, 807 F. Supp. 1248, 1250 n.3 (S.D.W. Va. 1992). Further, the Supreme Court of the United States has not suggested *Borders*' construction of § 405(g) is incorrect. *See Sullivan v. Finkelstein*, 496 U.S. 617, 626 n.6 (1990). Accordingly, the Court will apply the more stringent *Borders* inquiry.

six, the parties must return to the court after remand to file modified findings of fact. *Melkonyan*, 501 U.S. at 98. The reviewing court retains jurisdiction pending remand and does not enter a final judgment until after the completion of remand proceedings. *See Allen v. Chater*, 67 F.3d 293 (4th Cir. 1995) (unpublished table decision) (holding that an order remanding a claim for Social Security benefits pursuant to sentence six of 42 U.S.C. § 405(g) is not a final order).

## APPLICABLE LAW

The Act provides that disability benefits shall be available to those persons insured for benefits, who are not of retirement age, who properly apply, and who are under a disability. 42 U.S.C. § 423(a). "Disability" is defined as:

> the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 consecutive months.

*Id.* § 423(d)(1)(A).

## I.    The Five Step Evaluation

To facilitate uniform and efficient processing of disability claims, federal regulations have reduced the statutory definition of disability to a series of five sequential questions. *See, e.g.*, *Heckler v. Campbell*, 461 U.S. 458, 461 n.2 (1983) (noting a "need for efficiency" in considering disability claims). The ALJ must consider whether (1) the claimant is engaged in substantial gainful activity; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment included in the Administration's Official Listings of Impairments found at 20 C.F.R. Pt. 404, Subpt. P, App. 1; (4) the impairment prevents

the claimant from performing past relevant work; and (5) the impairment prevents the claimant from having substantial gainful employment.  20 C.F.R. §§ 404.1520, 416.920. Through the fourth step, the burden of production and proof is on the claimant.  *Grant v. Schweiker*, 699 F.2d 189, 191 (4th Cir. 1983).  The claimant must prove disability on or before the last day of her insured status to receive disability benefits.  *Everett v. Sec'y of Health, Educ. & Welfare*, 412 F.2d 842, 843 (4th Cir. 1969).  If the inquiry reaches step five, the burden shifts to the Commissioner to produce evidence that other jobs exist in the national economy that the claimant can perform, considering the claimant's age, education, and work experience.  *Grant*, 699 F.2d at 191.  If at any step of the evaluation the ALJ can find an individual is disabled or not disabled, further inquiry is unnecessary.  20 C.F.R. §§ 404.1520(a), 416.920(a)(4); *Hall v. Harris*, 658 F.2d 260, 264 (4th Cir. 1981).

### A.    *Substantial Gainful Activity*

"Substantial gainful activity" must be both substantial—involves doing significant physical or mental activities, 20 C.F.R. §§ 404.1572(a), 416.972(a)—and gainful—done for pay or profit, whether or not a profit is realized, *id.* §§ 404.1572(b), 416.972(b).  If an individual has earnings from employment or self-employment above a specific level set out in the regulations, he is generally presumed to be able to engage in substantial gainful activity.  *Id.* §§ 404.1574–.1575, 416.974–.975.

### B.    *Severe Impairment*

An impairment is "severe" if it significantly limits an individual's ability to perform basic work activities.  *See id.* §§ 404.1521, 416.921.  When determining whether a

9

claimant's physical and mental impairments are sufficiently severe, the ALJ must consider the combined effect of all of the claimant's impairments.  42 U.S.C. §§ 423(d)(2)(B), 1382c(a)(3)(G).  The ALJ must evaluate a disability claimant as a whole person and not in the abstract, having several hypothetical and isolated illnesses.  *Walker v. Bowen*, 889 F.2d 47, 49–50 (4th Cir. 1989) (stating that, when evaluating the effect of a number of impairments on a disability claimant, "the [Commissioner] must consider the combined effect of a claimant's impairments and not fragmentize them").  Accordingly, the ALJ must make specific and well-articulated findings as to the effect of a combination of impairments when determining whether an individual is disabled.  *Id.* at 50 ("As a corollary to this rule, the ALJ must adequately explain his or her evaluation of the combined effects of the impairments.").  If the ALJ finds a combination of impairments to be severe, "the combined impact of the impairments shall be considered throughout the disability determination process."  42 U.S.C. §§ 423(d)(2)(B), 1382c(a)(3)(G).

### C.    *Meets or Equals an Impairment Listed in the Listings of Impairments*

If a claimant's impairment or combination of impairments meets or medically equals the criteria of a listing found at 20 C.F.R. Pt. 404, Subpt. P, App.1 and meets the duration requirement found at 20 C.F.R. §§ 404.1509 or 416.909, the ALJ will find the claimant disabled without considering the claimant's age, education, and work experience.[6]  20 C.F.R. §§ 404.1520(d), 416.920(a)(4)(iii), (d).

---

[6]The Listing of Impairments is applicable to SSI claims pursuant to 20 C.F.R. §§ 416.911, 416.925.

### D.    *Past Relevant Work*

The assessment of a claimant's ability to perform past relevant work "reflect[s] the statute's focus on the functional capacity retained by the claimant."  *Pass v. Chater*, 65 F.3d 1200, 1204 (4th Cir. 1995).  At this step of the evaluation, the ALJ compares the claimant's residual functional capacity[7] with the physical and mental demands of the kind of work he has done in the past to determine whether the claimant has the residual functional capacity to do his past work.  20 C.F.R. §§ 404.1560(b), 416.960(b).

### E.    *Other Work*

As previously stated, once the ALJ finds that a claimant cannot return to her prior work, the burden of proof shifts to the Commissioner to establish that the claimant could perform other work that exists in the national economy.  *See* 20 C.F.R. §§ 404.1520(f)–(g), 416.920(f)–(g); *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1992).  To meet this burden, the Commissioner may sometimes rely exclusively on the Medical-Vocational Guidelines (the "grids").  Exclusive reliance on the "grids" is appropriate where the claimant suffers primarily from an exertional impairment, without significant nonexertional factors.[8]  20 C.F.R. Pt. 404, Subpt. P, App. 2, § 200.00(e); *Gory v. Schweiker*, 712 F.2d 929, 930–31 (4th Cir. 1983) (stating that exclusive reliance on the grids is appropriate in cases involving

---

[7]Residual functional capacity is "the most [a claimant] can still do despite [his] limitations."  20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

[8]An exertional limitation is one that affects the claimant's ability to meet the strength requirements of jobs.  20 C.F.R. §§ 404.1569a(a), 416.969a(a).  A nonexertional limitation is one that affects the ability to meet the demands of the job other than the strength demands.  *Id*.  Examples of nonexertional limitations include but are not limited to difficulty functioning because of being nervous, anxious, or depressed; difficulty maintaining attention or concentrating; difficulty understanding or remembering detailed instructions; difficulty seeing or hearing.  20 C.F.R. §§ 404.1569a(c)(1), 416.969a(c)(1).

exertional limitations). When a claimant suffers from both exertional and nonexertional limitations, the grids may serve only as guidelines. *Gory*, 712 F.2d at 931. In such a case, the Commissioner must use a vocational expert to establish the claimant's ability to perform other work. 20 C.F.R. §§ 404.1569a, 416.969a; *see Walker*, 889 F.2d at 49–50 ("Because we have found that the grids cannot be relied upon to show conclusively that claimant is not disabled, when the case is remanded it will be incumbent upon the [Commissioner] to prove by expert vocational testimony that despite the combination of exertional and nonexertional impairments, the claimant retains the ability to perform specific jobs which exist in the national economy."). The purpose of using a vocational expert is "to assist the ALJ in determining whether there is work available in the national economy which this particular claimant can perform." *Walker*, 889 F.2d at 50. For the vocational expert's testimony to be relevant, "it must be based upon a consideration of all other evidence in the record, . . . and it must be in response to proper hypothetical questions which fairly set out all of claimant's impairments." *Id.* (citations omitted).

## II. Developing the Record

The ALJ has a duty to fully and fairly develop the record. *See Cook v. Heckler*, 783 F.2d 1168, 1173 (4th Cir. 1986). The ALJ is required to inquire fully into each relevant issue. *Snyder*, 307 F.2d at 520. The performance of this duty is particularly important when a claimant appears without counsel. *Marsh v. Harris*, 632 F.2d 296, 299 (4th Cir. 1980). In such circumstances, "the ALJ should scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts, . . . being especially diligent in

ensuring that favorable as well as unfavorable facts and circumstances are elicited." *Id.* (internal quotations and citations omitted).

## III.    Treating Physicians

If a treating physician's opinion on the nature and severity of a claimant's impairments is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence" in the record, the ALJ must give it controlling weight.  20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2); *see Mastro v. Apfel*, 270 F.3d 171, 178 (4th Cir. 2001).  The ALJ may discount a treating physician's opinion if it is unsupported or inconsistent with other evidence, i.e., when the treating physician's opinion does not warrant controlling weight, *Craig*, 76 F.3d at 590, but the ALJ must nevertheless assign a weight to the medical opinion based on the 1) length of the treatment relationship and the frequency of examination; 2) nature and extent of the treatment relationship; 3) supportability of the opinion; 4) consistency of the opinion with the record a whole; 5) specialization of the physician; and 6) other factors which tend to support or contradict the opinion, 20 C.F.R. §§ 404.1527(c), 416.927(c).  Similarly, where a treating physician has merely made conclusory statements, the ALJ may afford the opinion such weight as is supported by clinical or laboratory findings and other consistent evidence of a claimant's impairments.  *See Craig*, 76 F.3d at 590 (holding there was sufficient evidence for the ALJ to reject the treating physician's conclusory opinion where the record contained contradictory evidence).

In any instance, a treating physician's opinion is generally entitled to more weight than a consulting physician's opinion. *See Mitchell v. Schweiker*, 699 F.2d 185, 187 (4th Cir. 1983) (stating that treating physician's opinion must be accorded great weight because "it reflects an expert judgment based on a continuing observation of the patient's condition for a prolonged period of time"); 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). An ALJ determination coming down on the side of a non-examining, non-treating physician's opinion can stand only if the medical testimony of examining and treating physicians goes both ways. *Smith v. Schweiker*, 795 F.2d 343, 346 (4th Cir. 1986). Further, the ALJ is required to review all of the medical findings and other evidence that support a medical source's statement that a claimant is disabled. 20 C.F.R. §§ 404.1527(d), 416.927(d). However, the ALJ is responsible for making the ultimate determination about whether a claimant meets the statutory definition of disability. *Id.*

## IV. Medical Tests and Examinations

The ALJ is required to order additional medical tests and exams only when a claimant's medical sources do not give sufficient medical evidence about an impairment to determine whether the claimant is disabled. 20 C.F.R. §§ 404.1517, 416.917; *see also Conley v. Bowen*, 781 F.2d 143, 146 (8th Cir. 1986). The regulations are clear: a consultative examination is not required when there is sufficient medical evidence to make a determination on a claimant's disability. 20 C.F.R. §§ 404.1517, 416.917. Under the regulations, however, the ALJ may determine that a consultative examination or other medical tests are necessary. *Id.*

14

V.    **Pain**

Congress has determined that a claimant will not be considered disabled unless he furnishes medical and other evidence (e.g., medical signs and laboratory findings) showing the existence of a medical impairment that could reasonably be expected to produce the pain or symptoms alleged.  42 U.S.C. § 423(d)(5)(A).  In evaluating claims of disabling pain, the ALJ must proceed in a two-part analysis.  *Morgan v. Barnhart,* 142 F. App'x 716, 723 (4th Cir. 2005) (unpublished opinion).  First, "the ALJ must determine whether the claimant has produced medical evidence of a 'medically determinable impairment which could reasonably be expected to produce . . . the actual pain, in the amount and degree, alleged by the claimant.'"  *Id.* (quoting *Craig*, 76 F.3d at 594).  Second, "if, and only if, the ALJ finds that the claimant has produced such evidence, the ALJ must then determine, as a matter of fact, whether the claimant's underlying impairment *actually* causes her alleged pain."  *Id.* (emphasis in original) (citing *Craig*, 76 F.3d at 595).

Under the "pain rule" applicable within the United States Court of Appeals for the Fourth Circuit, it is well established that "subjective complaints of pain and physical discomfort could give rise to a finding of total disability, even when those complaints [a]re not supported fully by objective observable signs."  *Coffman v. Bowen*, 829 F.2d 514, 518 (4th Cir. 1987) (citing *Hicks v. Heckler*, 756 F.2d 1022, 1023 (4th Cir. 1985)).  The ALJ must consider all of a claimant's statements about his symptoms, including pain, and determine the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence.  20 C.F.R. §§ 404.1528, 416.928.  Indeed, the Fourth

15

Circuit has rejected a rule which would require the claimant to demonstrate objective evidence of the pain itself, *Jenkins v. Sullivan*, 906 F.2d 107, 108 (4th Cir. 1990), and ordered the Commissioner to promulgate and distribute to all administrative law judges within the circuit a policy stating Fourth Circuit law on the subject of pain as a disabling condition, *Hyatt v. Sullivan*, 899 F.2d 329, 336–37 (4th Cir. 1990). The Commissioner thereafter issued the following "Policy Interpretation Ruling":

> This Ruling supersedes, only in states within the Fourth Circuit (North Carolina, South Carolina, Maryland, Virginia and West Virginia), Social Security Ruling (SSR) 88-13, Titles II and XVI: Evaluation of Pain and Other Symptoms:
>
> ...
>
> **FOURTH CIRCUIT STANDARD:** Once an underlying physical or [m]ental impairment that could reasonably be expected to cause pain is shown by medically acceptable objective evidence, such as clinical or laboratory diagnostic techniques, the adjudicator must evaluate the disabling effects of a disability claimant's pain, even though its intensity or severity is shown only by subjective evidence. If an underlying impairment capable of causing pain is shown, subjective evidence of the pain, its intensity or degree can, by itself, support a finding of disability. Objective medical evidence of pain, its intensity or degree (i.e., manifestations of the functional effects of pain such as deteriorating nerve or muscle tissue, muscle spasm, or sensory or motor disruption), if available, should be obtained and considered. Because pain is not readily susceptible of objective proof, however, the absence of objective medical evidence of the intensity, severity, degree or functional effect of pain is not determinative.

SSR 90-1p, 55 Fed. Reg. 31,898-02, at 31,899 (Aug. 6, 1990). SSR 90-1p has since been superseded by SSR 96-7p, which is consistent with SSR 90-1p. *See* SSR 96-7p, 61 Fed. Reg. 34,483-01 (July 2, 1996). SSR 96-7p provides, "If an individual's statements about pain or other symptoms are not substantiated by the objective medical evidence, the

adjudicator must consider all of the evidence in the case record, including any statements by the individual and other persons concerning the individual's symptoms." *Id.* at 34,485; *see also* 20 C.F.R. §§ 404.1529(c)(1)–(c)(2), 416.929(c)(1)–(c)(2) (outlining evaluation of pain).

## VI.     Credibility

The ALJ must make a credibility determination based upon all the evidence in the record.  Where an ALJ decides not to credit a claimant's testimony about pain, the ALJ must articulate specific and adequate reasons for doing so, or the record must be obvious as to the credibility finding.  *Hammond v. Heckler*, 765 F.2d 424, 426 (4th Cir. 1985). Although credibility determinations are generally left to the ALJ's discretion, such determinations should not be sustained if they are based on improper criteria.  *Breeden*, 493 F.2d at 1010 ("We recognize that the administrative law judge has the unique advantage of having heard the testimony firsthand, and ordinarily we may not disturb credibility findings that are based on a witness's demeanor.  But administrative findings based on oral testimony are not sacrosanct, and if it appears that credibility determinations are based on improper or irrational criteria they cannot be sustained.").

## APPLICATION AND ANALYSIS

**Combination of Impairments**

Plaintiff argues the ALJ failed to consider the combined effect of Plaintiff's impairments and/or failed to adequately explain his evaluation of the combined effect of an individual's impairments. [Doc. 14 at 6–9.] Plaintiff argues that, once the ALJ found an impairment to be "not severe," he gave no further consideration to it. [*Id.* at 6.] Plaintiff

17

asserts the ALJ did not explain or discuss how Plaintiff's foot pain caused by her plantar fasciitis, back pain caused by her degenerative disc disease, and fibromyalgia pain combine and limit Plaintiffs ability to stand, walk, lift, and carry.  [*Id.* at 7.]  Plaintiff also contends the ALJ erred by failing to make findings concerning whether or not Plaintiff's complaint of bilateral knee pain was a severe or non-severe impairment.  [*Id.*]  Further, Plaintiff argues the ALJ improperly found Plaintiff's depression to be nonsevere, although previously finding it severe on the same record, without explaining his change in opinion.  [*Id.* at 8.]

As stated in the Act:

> In determining whether an individual's physical or mental impairment or impairments are of a sufficient medical severity that such impairment or impairments could be the basis of eligibility under this section, the Commissioner of Social Security shall consider the combined effect of all of the individual's impairments without regard to whether any such impairment, if considered separately, would be of such severity.

42 U.S.C. § 423(d)(2)(B).  If an ALJ finds a claimant has a severe impairment or combination of impairments, the ALJ must consider all of the claimant's impairments, including non-severe impairments and the limitations imposed by all the claimant's impairments, at the remaining steps of the sequential analysis.  *Id.*; SSR 96-8p, 61 Fed. Reg. 34,474-01 (July 2, 1996).  Further, the ALJ must make specific and well-articulated findings as to the effect of a combination of impairments when determining whether an individual is disabled.  *Walker*, 889 F.2d at 50 ("As a corollary to th[e] rule [that the ALJ must evaluate the combined effect of the claimant's impairments], the ALJ must adequately

explain his or her evaluation of the combined effects of the impairments." (citing *Reichenbach v. Heckler*, 808 F.2d 309, 312 (4th Cir. 1985)).

Here, the ALJ determined Plaintiff had severe impairments of degenerative disc disease, fibromyalgia, plantar fasciitis, and obesity.   [R. 11, Finding 3.]   The ALJ also found Plaintiff had nonsevere impairments of headaches and depression and a non-medically determinable impairment of chest pain. [R. 12.] In determining whether Plaintiff's degenerative disc disease met or equaled a listed impairment, the ALJ considered Listing 1.04, *Disorders of the spine*, and concluded that radiological examinations failed to reveal any significant herniations, stenosis or nerve root impingement.   [R. 13.]   While fibromyalgia and plantar fasciitis do not have their own listings, "after thoroughly reviewing all of the listings relevant to the claimant's complaints of joint pain", the ALJ found that Plaintiff's fibromyalgia and plantar fasciitis, singly and in combination, did not medically equal any listing contained in the Listing of Impairments.   [*Id.*]   Specifically, the ALJ indicated that the record failed to reflect any gross anatomical deformity or evidence of an inability to ambulate effectively, as require by Listing 1.02, *Major Dysfunction of a Joint(s)*. [*Id.*]

The ALJ considered Plaintiff's depression[9] under Listing 12.00, "paragraph B" criteria, and found no more than "mild" limitations in daily living; social functioning; concentration, persistence and pace; and no episodes of decompensation. [R. 12–13.] The ALJ also discussed Plaintiff's headaches and concluded that, while she testified to having headaches three to four times a week, treatment records revealed headaches on two occasions since the alleged onset date. [R. 12.] Because Plaintiff's head CTs were normal, treatment with respect to her headaches was conservative, and onset infrequent, the ALJ concluded that Plaintiff's headaches had only minimal effects on her ability to perform work related activity. [*Id.*] With respect to chest pains, the ALJ noted that Plaintiff's ejection fraction was normal and that, while a stress test appeared to show a perfusion defect in her heart, a cardiologist later determined it to be a shadow. [*Id.*] The ALJ ultimately concluded that the evidence regarding Plaintiff's fibromyalgia, degenerative disc disease, obesity, and plantar fasciitis supported a finding that Plaintiff retained the residual functional capacity for the full range of medium work. [R. 18.]

During the RFC analysis, the ALJ further evaluated Plaintiff's obesity in accordance with the requirements of Social Security Ruling (SSR) 02-1p and found that, despite her obesity, Plaintiff had generally normal physical evaluations; demonstrated moderate

---

[9]Plaintiff bears the burden of proving an impairment is "severe." *Bowen v. Yuckert*, 482 U.S. 137, 146, n. 5 (1987). "Severe" is a term of art, which means the impairment at issue "significantly limits [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c). Social Security Ruling ("SSR") 96–8p contemplates that a "severe" impairment "has more than a minimal effect on the ability to do basic work activities." SSR 96–8p. While Plaintiff contends it was error for the ALJ to find Plaintiff's depression was severe in his initial decision and nonsevere on remand, Plaintiff fails to explain how the ALJ's determination is unsupported by the record. It is the ALJ's duty to weigh evidence and resolve conflicts in the evidence; and this Court is bound to uphold the ALJ's decision as long as it is supported by substantial evidence, even if the Court would have reached a different conclusion. *See* Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). Other than disagreeing with the ALJ, Plaintiff fails to show how the record supports a finding of severity with respect to this impairment. Therefore, without more, the Court cannot say that the ALJ's finding that Plaintiff's depression is nonsevere is contrary to law or is not supported by substantial evidence.

exercise capacity, and had a normal heart rate and blood pressure. [R. 16.] Further, the ALJ noted that Plaintiff exhibited a full range of motion in her extremities with no swelling or edema. [*Id.*] Consequently, the ALJ concluded that Plaintiff's obesity did not have an negative effect on her ability to perform routine movement beyond the RFC or on her ability to sustain function over an 8-hour work day. [R. 16.] Likewise, the ALJ discussed and considered Plaintiff's pain complaints[10] associated with degenerative disc disease but found the treatment notes established a normal range of motion in her spine, including the cervical level, and negative straight leg raises. [R. 15.] Further, the ALJ noted that medical records failed to show Plaintiff suffered any significant functional limitations as a result of her fibromyalgia. [*Id.*] While treatment notes indicate Plaintiff complained of fatigue and occasional body aches and pain, the ALJ noted that her physical exams were general normal. [*Id.*] With respect to Plaintiff's bilateral foot issues, the ALJ concluded that, while she received some treatment in September 2008, there is no indication she received in any further treatment. [R. 16.] And while Plaintiff testified that her current treating physician

---

[10]While not specifically raised by Plaintiff, on remand the ALJ is to ensure that he reviews Plaintiff's pain complaints in accordance with Fourth Circuit precedent, which requires that "[i]f an individual's statements about pain or other symptoms are not substantiated by the objective medical evidence, the adjudicator must consider all of the evidence in the case record, including any statements by the individual and other persons concerning the individual's symptoms." SSR 96-7p at 34,485; *see also* 20 C.F.R. §§ 404.1529(c)(1)–(c)(2), 416.929(c)(1)–(c)(2) (outlining evaluation of pain). Upon review of the ALJ's decision, it appears to the Court the ALJ discounted Plaintiff's pain complaints based solely on the lack of objective evidence, which is contrary to law. *See Jenkins v. Sullivan*, 906 F.2d 107 (4th Cir. 1990). [*See, e.g.*, R. 15 ("neurological studies found claimant had "stable mild" degenerative changes at the C6-C7 level and only "mild" anterior L2-L4 spurring"; "while treatment records showed claimant complained of fatigue and occasional body aches and pain, her physical examinations were generally normal"; "the record failed to reflect any significant findings on physical examinations associated with fibromyalgia"); R. 16 ("there were no findings on physical examinations that reflected swelling or pain in the claimant's hands").] The ALJ provides no discussion regarding his findings on Plaintiff's ability to walk, sit, and stand in light of her claims of being unable to do so due to pain. Neither does the ALJ discuss Plaintiff's need for pain medication or the effect of that medication on her ability to function at work. *See* 20 C.F.R. § 404.1529(c)(3) (listing "other evidence" to be considered when "determining the extent to which [claimant's] symptoms limit [claimant's] capacity for work," including, "(iv) The type, dosage, effectiveness, and side effects of any medication you take or have taken to alleviate your pain or other symptoms[.]").

was going to send her for physical therapy for her foot problems, the ALJ concluded that the medical records fail to support this allegation.  [*Id.*]

Upon review of the ALJ's decision, the Court cannot conclude that the ALJ adequately considered the cumulative effects of the combination of Plaintiff's impairments either in considering the Listings or in his discussion of the Plaintiff's RFC.  While the ALJ discussed all of Plaintiff's impairments individually, as well as the medical evidence related to each impairment, his findings provide no indication that he considered the combined effect of Plaintiff's nonsevere physical impairments together with Plaintiffs severe impairments.  Further, there is no consideration and explanation of the combined effect of Plaintiff's physical and mental impairments in any other portion of the ALJ's decision.  To the contrary, the ALJ's discussion of Plaintiffs impairments is fragmentized and his decision fails to meet the Fourth Circuit's standard for analyzing and explaining the combined impact of all impairments on a claimants ability to do work.  Here, perhaps the ALJ considered the combined effect of Plaintiff's impairments; however, because the ALJ failed to explain his evaluation of the combined effects, the Court is left to guess at whether the ALJ considered Plaintiff's impairments separately or in combination.  Accordingly, the ALJ's decision fails to comply with the requirements in *Walker*.

**Plaintiff's Remaining Arguments**

Because the Court finds the ALJ's failure to properly consider the combined effects of Plaintiffs impairments is a sufficient basis to remand the case to the Commissioner, the Court declines to specifically address Plaintiff's additional allegations of error by the ALJ. However, upon remand, the Commissioner should take into consideration Plaintiff's remaining allegations of error, specifically the allegations of error with respect to the ALJ's

22

analysis of Plaintiff's ability to perform past relevant work and whether a vocational expert might need to be consulted.[11]

## CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, the Court recommends that the Commissioner's decision be REVERSED and REMANDED for administrative action consistent with this recommendation, pursuant to sentence four of 42 U.S.C. § 405(g).

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin
United States Magistrate Judge

February 7, 2014
Greenville, South Carolina

---

[11]The undersigned is cognizant of the age of this claim and that it has been remanded once before at the administrative level.  However, on the record before it, the Court is unable to determine that substantial evidence indicates Plaintiff is disabled and additional administrative proceedings will remedy those defects in the record.